JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JULIO DIAZ

## DEFENDANTS
CITY OF PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pierre LaTour, Esquire. 1515 Market Street, Ste. 1210, Philadelphia, PA 19102 (215) 732-0460

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 1983

Brief description of cause:
Section 1983

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                DOCKET NUMBER

DATE: 1/8/2018

SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __8301 State Road, Philadelphia, PA 19136__

Address of Defendant: __1515 Arch Street, 14th Floor, Philadelphia, PA 19102__

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __1/8/2018__    _____    __82429__
                       Attorney-at-Law               Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/8/2018__    _____    __82429__
                       Attorney-at-Law               Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JULIO DIAZ | : | CIVIL ACTION |
| v. | : | |
| CITY OF PHILADELPHIA and | : | |
| CORIZON HEALTH, INC. | : | NO. |
| T/A PRISON HEALTH SERVICES, INC. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( x )

| _1/8/2018_ | _Pierre LaTour_ | _Julio Diaz_ |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| _(215) 732-0460_ | _(215) 563-7587_ | pierre@phillybestdefense.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO DIAZ<br>8301 State Road<br>Philadelphia, PA 19136<br><br>      Plaintiff<br><br>      v.<br><br>CITY OF PHILADELPHIA<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br><br>BRUCE HERDMAN, C.M.O.<br>PHILADELPHIA PRISON SYSTEMS<br>C/O CITY LAW DEPARTMENT<br>1515 Arch Street<br>Philadelphia, PA 19102<br>and,<br><br>JOHN DOES 1-2, CORRECTIONS<br>EMPLOYEES<br>C/O CITY LAW DEPARTMENT<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>and,<br><br>CORIZON HEALTH, INC., T/A<br>PRISON HEALTH SERVICES, INC.<br>7901 State Road<br>Philadelphia, PA 19136<br>and,<br><br>JOHN DOES 3-4, MEDICAL<br>PERSONNEL<br>7901 State Road<br>Philadelphia, PA 19136<br>      Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:    DOCKET NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

1

# COMPLAINT

1. This is a civil action seeking damages against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured by the Eighth and Fourteenth Amendments to the Constitution and the laws of the United States and the Commonwealth of Pennsylvania; for conspiring for the purpose of impeding and hindering the due course of justice, with intent to harm Plaintiff; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2. The Court has jurisdiction of this action under 42 U.S.C. § 1983, 1988 and 28 U.S.C. §§ 1331, 1343 and 1367.

3. Plaintiff, Julio Diaz, is a citizen and resident of Philadelphia, Pennsylvania and the United States of America.

4. Defendant, City of Philadelphia, is a municipality and agent of the Commonwealth of Pennsylvania. Defendant City of Philadelphia manages and oversees the Philadelphia Prison System.

5. Defendant, Bruce Herdman, is the Chief of Medical Operations of the Philadelphia Prison System.

6. Defendants, John Does 1-2, are employed by the Philadelphia Prison System as correction officers and/or social workers.

7. Defendant, Corizon Health, Inc., t/a Prison Health Services, Inc., is a corporation contracted by the City of Philadelphia to provide medical services to inmates housed in the Philadelphia Prison System.

8. Defendants, John Does 3-4, are employed by Defendant, Prison Health Services, Inc., as nurses, doctors and/or medical providers.

9. Plaintiff sues each and all Defendants in their individual and official capacities.

10. At all times material to this Complaint, Defendants, Herdman and John Does, acted under color of law and under the color of the statutes, customs, ordinances and usage of the State of Pennsylvania, City of Philadelphia, Philadelphia Police Department and the Philadelphia Prison System.

11. At all times relevant, Defendants acted jointly and in concert with each other. Each individual Defendant had the duty and opportunity to protect the Plaintiff from unlawful actions of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing Plaintiff's injury.

12. At all times relevant, Defendant Herdman, corrections officers and John Does, were employed in their duties as corrections employees for the City of Philadelphia.

13. At all times relevant hereto, Defendant City of Philadelphia was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment and under the direct control of the Defendant City.

14. In January of 2016, Plaintiff was housed in the Philadelphia Prison System at PICC.

15. On or about January 12, 2016, Plaintiff complained of pain, swelling and inflammation in his right leg to Defendant John Doe #1 and requested that he be taken to the infirmary.

16. Plaintiff was seen in the infirmary on January 12, 2016 and examined by Defendant John Doe #3, a nurse at the infirmary.

17. John Doe #3 diagnosed Plaintiff with an abscess in his right leg, proscribed him Motrin for the pain, and returned him to his cell.

18. Between January 12, 2016 and January 17, 2016, Plaintiff continued to experience severe pain and swelling in his right leg.

19. Between January 12, 2016 and January 17, 2016, Plaintiff reported symptoms of pain in his lower right leg to corrections officers and medical personnel employed by Defendants, City of Philadelphia and Corizon.

20. Despite multiple complaints, which later included symptoms of severe pain, redness, and swelling, Defendants City, Corizon, and John Does failed to take any action to treat Plaintiff's symptoms.

21. On or about January 17, 2016, Plaintiff's pain became so severe that he was unable to walk. At this time Defendants finally sent him to the infirmary.

22. While at the infirmary on January 17, 2016, Plaintiff was not examined by a physician. Plaintiff was informed a physician would examine him the following day, January 18, 2016.

23. Plaintiff was not examined by a physician until January 19, 2016.

24. On January 19, 2016, Plaintiff was referred to the emergency department of Aria Torresdale Hospital with complaints of severe pain in his right leg.

25. At Aria Torresdale Hospital, Plaintiff was diagnosed with right lower extremity abscesses, cellulitis, swelling and erythema

26. The doctors at Aria Frankford performed an emergency incision and drainage of Plaintiff's right lower leg.

27. Plaintiff was treated with antibiotic medicines and pain medication.

28. On January 22, 2016, Plaintiff was discharged and instructed to take medications

29. Since January 2016, Plaintiff has had to participate in ongoing physical therapy for his leg as a result of the maltreatment.

30. Since January 2016, Plaintiff has had to take different medications to treat the symptoms resulting and stemming from his cellulitis and abscesses.

31. Plaintiff continues to suffer post surgery symptoms that include, but are not limited to, pain in his right leg, difficulty walking and permanent scarring.

32. Defendant's collective failure to provide adequate medical care to Plaintiff when he first complained of leg pain in January 2016, caused Plaintiff's symptoms to worsen, become irreversible and required Plaintiff to undergo painful medical procedures.

33. Had Defendants timely treated Plaintiff's symptoms and had him seen by a qualified physician, he would not have had to undergo any medical procedures on his right leg.

### COUNT I
### 8th AMENDMENT DENIAL OF MEDICAL CARE AGAINST DEFENDANT JOHN DOE NURSES

34. Plaintiff incorporates by reference paragraphs 1 through 33 of this Complaint as though same were fully set forth at length herein.

35. The failure of Defendant John Doe Nurses to provide medical care to Plaintiff constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishments.

### COUNT II
### 8TH AMENDMENT DENIAL OF MEDICAL CARE AGAINST DEFENDANT JONH DOE DOCTORS

36. Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as though same were fully set forth at length herein.

37. The failure of Defendant, John Doe Doctors, to provide medical care to Plaintiff constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment's prohibition of cruel and unusual punishments.

**COUNT III**
**8TH AMENDMENT DENIAL OF MEDICAL CARE AGAINST DEFENDANT CORIZON HEALTH, INC., T/A PRISON HEALTHCARE SERVICES, INC.**

38. Plaintiff incorporates by reference paragraphs 1 through 37 of this Complaint as though same were fully set forth at length herein.

39. The failure of Defendant, Corizon Health, Inc., T/A Prison Health Services, Inc., to provide medical care to Plaintiff constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment's prohibition of cruel and unusual punishments.

**COUNT IV**
**8TH AMENDMENT DENIAL OF MEDICAL CARE AGAINST DEFENDANT CITY OF PHILADELPHIA**

40. Plaintiff incorporates by reference paragraphs 1 through 39 of this Complaint as though same were fully set forth at length herein.

41. The failure of Defendant, City of Philadelphia, to provide medical care to Plaintiff constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment's prohibition of cruel and unusual punishments.

**COUNT V**
**MEDICAL NEGLIGENCE CLAIM AGAINST DEFENDANTS JOHN DOE NURSES**

42. Plaintiff incorporates by reference paragraphs 1 through 41 of this Complaint as though same were fully set forth at length herein.

43. Defendants, John Doe Nurses, through their actions as described above, were negligent in treating Plaintiff's medical needs.

## COUNT VI
## MEDICAL NEGLIGENCE CLAIM AGAINST DEFENDANTS JOHN DOE DOCTORS

44. Plaintiff incorporates by reference paragraphs 1 through 43 of this Complaint as though same were fully set forth at length herein.

45. Defendants, John Doe Doctors, through their actions as described above, were negligent in treating Plaintiff's medical needs.

## JURY DEMAND

Plaintiff demands trial by a jury of 12.

**WHEREFORE**, Plaintiff demands judgment against the Defendants and each of them, jointly and severally, as follows:

   a. Compensatory damages in an amount this Court shall consider to be just, reasonable and fair;

   b. Damages for pain and suffering;

   c. Punitive damages in an amount the Court shall consider to be just, reasonable and fair;

   d. Attorney fees and the costs of this action; and

   e. Such other relief as this Court shall consider to be fair and equitable.

                                                  Respectfully submitted,

Date: 1/10/18

                                                  PIERRE LATOUR, ESQUIRE  
                                                  Attorney for Plaintiff  
                                                  1515 Market Street, Suite 1210  
                                                  Philadelphia, PA 19102  
                                                  (215) 732-0460