IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIO DIAZ** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 18-104** |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.* | : | |

**KEARNEY, J.**                                                                                                       **March 23, 2018**

## MEMORANDUM

Prisoners suing a city for alleged cruel and unusual punishment by prison medical supervisors and employees in treating a leg injury must plead a government policy or custom causing the lack of medical treatment and his injury. The city is not liable simply because it employs the medical personnel. When, as today, the prisoner alleges the city is liable because it employs the doctors and nurses and does not allege a government policy or custom causing his injury, we must enter the accompanying Order granting the city's motion to dismiss.

**I.**     **Alleged Facts**

While incarcerated at the Philadelphia Industrial Correction Center, Julio Diaz complained to a corrections officer about "pain, swelling, and inflammation in his right leg" on January 12, 2016.[1] Mr. Diaz asked the corrections officer to take him to the infirmary where an unnamed nurse examined him.[2] The unnamed nurse diagnosed Mr. Diaz with an abscess in his right leg.[3] She prescribed Motrin to relieve his pain and sent him back to his cell.[4]

For the next six days, Mr. Diaz continued having pain, swelling, and redness in his right leg.[5] Mr. Diaz complained about his right leg to numerous corrections officers but no one treated him.[6] Mr. Diaz could not stand up on January 17 because of the pain in his right leg and someone sent him to the infirmary.[7] No doctor saw Mr. Diaz on January 17 or 18.[8] On January

19, 2016, a doctor referred Mr. Diaz to the emergency department of a nearby hospital.[9] The hospital doctors drained Mr. Diaz's right leg and treated him with antibiotics and pain medication.[10] The doctors diagnosed Mr. Diaz with "right lower extremity abscesses, cellulitis, swelling and erythema."[11] After four days, the hospital discharged Mr. Diaz and, since then, Mr. Diaz has continuing pain in his right leg and difficulty walking.[12] Mr. Diaz also requires medication and physical therapy to treat his symptoms.[13]

## II. Analysis

Mr. Diaz sued the City of Philadelphia, John Doe Correction Officers 1-2, Corizon Health, Inc., and John Does Medical Personnel 1-2 alleging they each violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his medical needs. Mr. Diaz also sues the John Doe medical personnel for state law medical negligence claims. Mr. Diaz names Bruce Herdman, Chief of Medical Operations of the Philadelphia Prison System, as a defendant but does not name him in a specific count.[14]

The City moves to dismiss Mr. Diaz's Eighth Amendment cruel and unusual punishment claim against it because Mr. Diaz fails to allege municipal liability under 42 U.S.C. § 1983.[15] The City cannot be held viciously liable for the acts of its agents because "there is no respondeat superior theory of municipal liability."[16] Instead, to allege a § 1983 *Monell* claim against the City, Mr. Diaz must identify a policy or custom because "municipal liability attaches only when 'execution of a government policy or custom ... inflicts the injury.'"[17]

Mr. Diaz fails to identify a policy or custom of the City causing the correction officers or nurses to allegedly fail to treat Mr. Diaz's right leg.[18] Mr. Diaz's only alleges acts of individual persons employed by the City, which is the prohibited "respondeat superior theory of municipal liability."[19]

## III. Conclusion

We grant the City of Philadelphia's motion to dismiss Mr. Diaz's Eighth Amendment claim against it in the accompanying Order because Mr. Diaz fails to allege injury caused by a City policy or custom.

---

[1] ECF Doc. No. 1, ¶ 14, 15.

[2] *Id.* ¶¶ 15-16.

[3] *Id.* ¶ 17.

[4] *Id.*

[5] *Id.* ¶ 18.

[6] *Id.* ¶¶ 19-20.

[7] *Id.* ¶ 21.

[8] *Id.* ¶ 22.

[9] *Id.* ¶ 23.

[10] *Id.* ¶¶ 26-27.

[11] *Id.* ¶ 25.

[12] *Id.* ¶¶ 28, 31.

[13] *Id.* ¶¶ 29-31.

[14] Corizon filed an Answer and Mr. Herdman separately moved to dismiss. ECF Doc. Nos. 5, 10.

[15] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Insterstate, LLC*, --- F.3d ---, 2018 WL 818004, at *2 (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[16] *Buoniconti v. City of Philadelphia*, 148 F. Supp. 3d 425, 436 (E.D. Pa. 2015) (quoting *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006).

[17] *Lawson v. City of Coatesville*, 42 F. Supp. 3d 664, 678 (E.D. Pa. 2014) (quoting *Monell v. New York Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)).

[18] ECF Doc. No. 1, ¶ 41. Mr. Diaz only alleges the City failed to "provide medical care" which "constitutes deliberate indifference to [Mr. Diaz's] serious medical needs in violation of the Eighth Amendment's prohibition on cruel and unusual punishments."

[19] *Buoniconti*, 148 F. Supp. 3d at 436 (quoting *Sanford*, 456 F.3d at 314).