# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JULIO DIAZ | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 18-104 |
| CITY OF PHILADELPHIA, *et al.* | : | |

**KEARNEY, J.**                                                                                **March 30, 2018**

## MEMORANDUM

A prisoner alleging a city's prison medical personnel breached a duty of medical care or violated his constitutional right to be free from cruel and unusual punishment must allege how each named individual personally harmed him. When, as here, the counseled prisoner sues the city's Chief of Medical Operations without alleging a single fact of his involvement, knowledge or acquiescence, we must dismiss the prisoner's medical negligence and constitutional claims against the city's supervisor of medical operations.

## I. Alleged Facts

While incarcerated at the Philadelphia Industrial Correctional Center. Mr. Diaz complained to a corrections officer about "pain, swelling, and inflammation in his right leg" on January 12, 2016.[1] Mr. Diaz asked the corrections officer to take him to the infirmary where an unnamed nurse examined him.[2] An unnamed nurse diagnosed Mr. Diaz with an abscess in his right leg.[3] She prescribed Motrin to relieve pain and sent him back to his cell.[4]

For the next six days, Mr. Diaz continued having pain, swelling, and redness in his right leg.[5] Mr. Diaz complained about his right leg to numerous corrections officers but no one treated him.[6] Mr. Diaz could not stand up on January 17 because of the pain in his right leg and

someone sent him to the infirmary.[7] No doctor saw Mr. Diaz on January 17 or 18.[8] On January 19, a doctor examined Mr. Diaz and referred him to the emergency department of a nearby hospital.[9] In the hospital, doctors made an incision and drained Mr. Diaz's right leg and treated him with antibiotics and pain medication.[10] The doctors diagnosed Mr. Diaz with "right lower extremity abscesses, cellulitis, swelling and erythema."[11] After four days, the hospital discharged Mr. Diaz and since then, Mr. Diaz has continued pain in his right leg and difficulty walking.[12] Mr. Diaz also requires medication and physical therapy to treat his symptoms.[13]

Mr. Diaz alleges Bruce Herdman is the Chief of Medical Operations of the Philadelphia Prison System and employed by the City of Philadelphia.[14] Mr. Diaz alleges Mr. Herdman acted jointly and in concert with the other medical personnel and corrections officers but does not allege Mr. Herdman's personal actions. We only know his job title and employer. We have no idea what role, if any, Mr. Herdman may have played in the alleged medical error or cruel and unusual punishment. Mr. Diaz does not allege Mr. Herdman is a medical doctor or otherwise provided medical services.

Mr. Diaz sues Mr. Herdman in his official and individual capacities but does not name him in a specific count.[15] Mr. Herdman presumes Mr. Diaz brings both an Eighth Amendment cruel and unusual punishment claim and medical negligence claim against him.

**II.   Analysis**

Mr. Herdman moves to dismiss Mr. Diaz's Eighth Amendment civil rights claim because Mr. Diaz fails to allege Mr. Herdman's personal involvement in this alleged constitutional harm.[16] Mr. Herdman also moves to dismiss Mr. Diaz's medical negligence claim because Mr. Herdman is immune to medical negligence claims as an employee of the City of Philadelphia.

### A. Mr. Diaz fails to plead a § 1983 claim against Mr. Herdman.

To plead a § 1983 claim against Mr. Herdman for violating his Eighth Amendment rights, Mr. Diaz must allege facts showing Mr. Herdman's personal involvement in the constitutional violation.[17] Our court of appeals instructs "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."[18]

Mr. Diaz alleges Mr. Herdman acted under the color of state law as an employee of the City of Philadelphia and he "acted jointly and in concert" with the other unnamed corrections officers and a nurse to harm Mr. Diaz.[19] Mr. Diaz does not allege Mr. Herdman failed to treat his medical needs or he knew of the other medical personnel's failure to treat his medical needs and did not intervene. Mr. Diaz does not allege Mr. Herdman's personal involvement, knowledge or acquiescence in the alleged harm.

We dismiss Mr. Diaz's Eighth Amendment claim because Mr. Diaz fails to allege Mr. Herdman's involvement in violating his constitutional rights.

### B. Mr. Diaz fails to plead a medical negligence claim against Mr. Herdman.

Mr. Diaz does not allege Mr. Herdman provided medical care to him and does not name him in the medical negligence counts. Mr. Diaz's fact allegations as to negligent medical care are all attributed to unnamed nurses and doctors.

Mr. Diaz fails to allege facts to support a claim for medical negligence against Mr. Herdman. To plead a claim for medical malpractice, Mr. Diaz must allege: (1) Mr. Herdman owed him a duty of care; (2) Mr. Herdman breached his duty; (3) Mr. Herdman's "breach was the proximate cause of [Mr. Diaz's] harm; and, (4) Mr. Diaz's damages were caused by the harm.[20]

3

Mr. Diaz fails to allege Mr. Herdman provided him medical care. We have no idea of the relationship between Mr. Herdman and Mr. Diaz. Mr. Diaz, at a minimum, must Mr. Herdman provided negligent medical care to him. We dismiss Mr. Diaz's medical negligence claim against Mr. Herdman because Mr. Diaz fails to allege facts showing Mr. Herdman owed him a duty of care or provided any medical treatment to him.

## III. Conclusion

We grant Mr. Herdman's motion to dismiss Mr. Diaz's Eighth Amendment claim and medical negligence claims against him in the accompanying Order because Mr. Diaz fails to allege Mr. Herdman was personally involved in violating his constitutional rights or provided allegedly negligent medical care.

---

[1] ECF Doc. No. 1, ¶ 14-15.

[2] *Id.* ¶¶ 15-16.

[3] *Id.* ¶ 17.

[4] *Id.*

[5] *Id.* ¶ 18.

[6] *Id.* ¶¶ 19-20.

[7] *Id.* ¶ 21.

[8] *Id.* ¶ 22.

[9] *Id.* ¶ 23.

[10] *Id.* ¶¶ 26-27.

[11] *Id.* ¶ 25.

[12] *Id.* ¶¶ 28, 31.

[13] *Id.* ¶¶ 29-31.

[14] *Id.* ¶ 10.

[15] *Id.* ¶ 9. Mr. Diaz also sued the City of Philadelphia, John Doe Correction Officers 1-2, Corizon Health, Inc., and John Does Medical Personnel 1-2 alleging they violated his Eighth Amendment right to be free cruel and unusual punishment by being deliberately indifferent to his medical needs. Mr. Diaz also sues the John Doe medical personnel for state law medical negligence claims. We dismissed Mr. Diaz's § 1983 claim against the City of Philadelphia for failing to plead municipal liability under *Monell v. New York Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)).

[16] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Insterstate, LLC*, --- F.3d ---, 2018 WL 818004, at *2 (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[17] *See Wright v. City of Phila.*, 229 F. Supp. 3d 322, 337 (E.D. Pa. 2017) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)) ("In order to sustain a § 1983 claim against an individual acting under the color of state law, a plaintiff must demonstrate that the defendant was personally involved in the alleged violations of his or her federal rights").

[18] *Id.* (quoting *Rode*, 845 F.2d at 1207).

[19] ECF Doc. No. 1, ¶¶ 10-12.

[20] *Delibertis v. Pottstown Hosp. Co., LLC*, 152 F. Supp. 3d 394, 402-03 (E.D. Pa. 2016) (citing *Montgomery v. So. Phila. Medical Grp.*, 656 A.2d 1385, 1390 (1995)).