# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JULIO DIAZ | : CIVIL ACTION |
|---|---|
| v. | : NO. 18-104 |
| CITY OF PHILADELPHIA, *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                            **July 19, 2018**

A counseled inmate seeking to defeat summary judgment and proceed to trial on a civil rights claim challenging prison medical care requires more than the inmate's conclusory say-so as to the role of unnamed John Doe medical professionals and a company which possibly supervised them. While liability may be "clear" to the inmate and his counsel, when faced with a substantive motion to dismiss challenging alleged supervisory liability of a medical provider, we need specific facts allowing us to find genuine disputes of fact warranting a jury trial. When the inmate fails to do so in response to the medical provider's detailed facts showing no supervisory liability, we lack genuine issues of material fact and must enter summary judgment in favor of the medical provider and unidentified John Doe medical professionals. We do so today in the accompanying Order.

## I.    Undisputed Facts[1]

Corizon Health, Inc. provides medical services to inmates, including Julio Diaz, at the Philadelphia Industrial Correctional Institution under a contract with the City of Philadelphia. We today evaluate whether its medical care of Julio Diaz over approximately a week in January 2016 violated his constitutional rights.

On January 13, 2016, a medical professional first examined Mr. Diaz finding he "came up to medical with abscess on leg, not opened [Mr. Diaz] put on wound care and started on Bactrim per Dr. Sagreiga."[2] On January 16, 2016, Mr. Diaz made a sick call request because his "entire right leg is swollen I have not seen a doctor yet, I need to see a doctor Motrin isn't working."[3] On January 17, 2016, a Corizon Health medical record shows a medical professional examined Mr. Diaz and noted he had an abscess on his right shin.[4] The assessment section states "Check lesion daily until seen by practitioner, Instruct patient to apply warm compress ... Keep lesion covered, Dressing applied."[5]

On January 18, 2016, a Corizon medical record shows Mr. Diaz had an abscess in his right shin and "po antibiotics are not working."[6] The examination showed "abscess RLE shin anteriorly with some pus and blood drainage and surround erythema."[7] The "disposition" was transporting Mr. Diaz to the hospital and discussing Mr. Diaz's case with the emergency room physician.[8] An unknown person examined Mr. Diaz and referred him the emergency room of a local hospital to treat his abscess.[9]

Mr. Diaz alleges–but offers no evidence–the hospital doctors drained his right lower leg, treated him with antibiotics and pain medication and discharged him.[10] He claims the failure to timely heal his leg pain cause his symptoms to worsen, become irreversible and undergo unknown medical procedures at some unknown time.[11]

Mr. Diaz sued John Doe 1-2 (Corrections Employees), John Does 3-4 (Medical Personnel), and Corizon under 42 U.S.C. § 1983 alleging "John Doe Nurses," "John Doe Doctors," and Corizon Health, Inc. violated his Eighth Amendment right by being deliberately indifferent to his serious medical needs.[12] Mr. Diaz also claimed medical negligence against

2

"John Doe Nurses" and "John Doe Doctors." Following preliminary motions, the only remaining defendant is Corizon Health.

## II. Analysis

Corizon Health moves for summary judgment on Mr. Diaz's § 1983 Eighth Amendment deliberate indifference claim against it arguing he failed to adduce evidence of an unconstitutional policy or custom to support municipal liability under *Monell v. Dep't of Social Services of the City of New York*.[13] Corizon Health also argues we should grant summary judgment on the rest of Mr. Diaz's complaint because he cannot maintain medical negligence or § 1983 claims against "John Doe Doctors" and John Doe Nurses."

Summary judgment is proper when Corizon Health "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[14] "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party.'"[15] Corizon Health "has the burden of demonstrating that the evidentiary record presents no genuine issue of material fact."[16]

While we construe all factual inferences in his favor, Mr. Diaz "must point to some evidence in the record that creates a genuine issue of material fact."[17] "In this respect, summary judgment is essentially 'put up or shut up' time for [Mr. Diaz]: [he] must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."[18] "If, after adequate time for discovery, [Mr. Diaz] has not met its burden, pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against [him]."[19]

3

A.      **Mr. Diaz offers no evidence against Corizon Health for civil rights liability.**

Corizon Health argues Mr. Diaz failed to adduce evidence of an unconstitutional policy or custom which violated his Eighth Amendment rights to support municipal liability. Corizon Health cannot be held liable for the acts of its employees under a theory of *respondeat superior*.[20] To impose liability on Corizon Health under Section 1983, Mr. Diaz must establish "(1) [he] possessed a constitutional right of which [he] was deprived; (2) the municipality had a policy [or custom]; the policy [or custom] 'amounted to deliberate indifference' to the plaintiff's constitutional right; and (4) the policy [or custom] was the 'moving force behind the constitutional violation.'"[21] A policy is made "when a decision maker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict."[22] A custom is an act not formally approved by the appropriate decision maker but "is so widespread as to have the force of law."[23]

There are three situations where a government employee's acts may be deemed the result of a policy, practice, or custom: (1) the appropriate officer or entity creates a generally applicable policy and the subsequent act at issue is an implementation of the policy; (2) no rule is announced as policy but federal law is violated by the policymaker itself; and (3) the policymaker fails to act affirmatively, though the need to take action is so obvious and the inadequacy of existing practices is so likely to result in the infringement of a constitutional right, the policymaker can reasonably be deemed deliberately indifferent.[24]

Mr. Diaz argues Corizon Health is liable for failing "to train its staff to recognize, diagnose and treat [Mr. Diaz's] obvious symptoms .... Since there are clear disputes of material fact, [Corizon Health] is not entitled to judgment as a matter of law."[25] Contrary to his conclusions, there is no "clear" dispute. Instead, Mr. Diaz *admits* eleven of Corizon Health's

4

twelve undisputed facts. He only disputes a claim he was not immediately transferred to the hospital on January 18th but transferred on January 19th.[26] Mr. Diaz failed to adduce *evidence* to support his allegations. Again, he asks us to simply accept his conclusion "the Complaint, as well as the Answer and defendants' moving papers, it is clear that there are significant material facts in dispute."[27] We remind Mr. Diaz "[he] must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."[28]

While Mr. Diaz also argues he "provided evidence" of Corizon Health's deliberate indifference, we are not sure what evidence he offers. The entire appendix consists of three medical records/notes, an emergency department referral, one sick call request and an expert report.[29] Mr. Diaz contributed two of the items. We do not know which doctors or nurses treated Mr. Diaz and what they knew because there is no deposition from Mr. Diaz or from any doctors or nurses who treated him.

Mr. Diaz fails to adduce evidence of his underlying Eighth Amendment violation because there is no evidence an actor was deliberately indifferent to his serious medical needs.[30] To establish a violation of Mr. Diaz's constitutional right to adequate medical care, the evidence must show (1) a serious medical need, and (2) acts or omissions by prison officials indicating deliberate indifference to the pretrial detainee's need.[31] The only evidence shows Corizon Health medical personnel saw Mr. Diaz on January 13, 2016, January 17, 2016, and January 18, 2016 when they recorded treatment for an abscess on his right shin. We have no testimony from treating medical personnel or from Mr. Diaz himself. While Mr. Diaz's medical expert concluded "the lack [of] care provided to Julio Diaz regarding the diagnosis and subsequent management of a worsening purulent skin and soft tissue injection fell below the accepted standard of care."[32] Deliberate indifference, however, requires more than negligence or medical

5

malpractice.[33] But deliberate indifference "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."[34] Mr. Diaz does not adduce evidence doctors' or nurses' acted or failed to act with the purpose of causing harm or with knowledge harm will result.[35]

Even assuming Mr. Diaz adduced evidence he had a serious medical need to which prison officials were deliberately indifferent, he fails to adduce evidence Corizon Health's failure to train caused a constitutional injury. To adduce evidence a failure to train is deliberate indifference, Mr. Diaz must show "(1) [Corizon Health] policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights."[36]

Mr. Diaz fails to adduce evidence a Corizon Health policymaker knew its employees would confront situations like Mr. Diaz's "serious leg injury." He also fails to adduce evidence of a history of Corizon Health employees mishandling a medical issue like Mr. Diaz's leg injury. Because Mr. Diaz fails to adduce evidence a Corizon Health policymaker knew this issue could occur and failed to train its employees, we cannot find a genuine dispute of material fact leading to a possible jury question as to whether Corizon was deliberately indifferent to Mr. Diaz's constitutional rights. As such, we must grant summary judgment to Corizon Health on Mr. Diaz's § 1983 supervisory liability claim under the Eighth Amendment.

### B. Mr. Diaz cannot prove medical negligence or § 1983 violations against John Does nurses or doctors.

Mr. Diaz also alleges medical negligence and § 1983 claims against "John Doe Nurses" and "John Doe Doctors." At our Rule 16 conference, we addressed Mr. Diaz's allegations against the John Does. Mr. Diaz's counsel confirmed he had not discovered the names of the

6

John Doe nurses/doctors. We then asked if he planned to amend his complaint and name John Does and he stated he did not plan to amend and instead just planned to proceed against Corizon Health. We told Mr. Diaz's counsel we would not dismiss the John Does at the Rule 16 but allow him until May 7, 2018 to amend and individually name the John Doe nurses/doctors. Mr. Diaz never moved to amend his complaint and offers no argument as to evidence against the John Doe nurses/doctors. We dismiss Mr. Diaz's claims with prejudice against John Doe Nurses and John Doe Doctors for failure to state a claim.[37]

## III. Conclusion

We grant Corizon Health's motion for summary judgment because Mr. Diaz fails to adduce evidence of a failure to train amounting to deliberate indifference under a § 1983 *Monell* claim. We dismiss Mr. Diaz's claims against John Doe Corrections Officers, John Doe Nurses, and John Doe Doctors for failing to state a claim.

---

[1] Our Policies require a Statement of Undisputed Material Facts in support of a Rule 56 motion, as well as an appendix of exhibits. Corizon filed a Statement of Undisputed Facts and an Appendix at ECF Doc. No. 28, 28-4. Mr. Diaz responded to Corizon's Statement of Undisputed Facts and attached an Appendix at ECF Doc. No. 32-1. While Mr. Diaz's counsel again did not comply with our Policies by including a table of contents or bate-stamping his Appendix, we will proceed because Mr. Diaz's appendix contains two single page exhibits and we can easily discern his proffered evidence.

[2] Appx. 14a.

[3] ECF Doc. No. 32-1 at 6.

[4] Appx. 16a.

[5] Appx. 17a.

[6] Appx. 18a.

[7] *Id.*

[8] Appx. 19a.

7

[9] ECF Doc. No. 32-1 at 8.

[10] ECF Doc. No. 1, ¶¶ 26-28. Mr. Diaz offers no supporting evidence of these allegations.

[11] *Id.* at ¶ 32. Mr. Diaz offers no supporting evidence.

[12] Mr. Diaz also sued the City of Philadelphia and Bruce Herdman, Chief of Medical Operations for the Philadelphia Prison System. We granted their respective motions to dismiss. *See* ECF Doc. Nos. 13, 15.

[13] 436 U.S. 658 (1978).

[14] Fed. R. Civ. P. 56(a).

[15] *Pearson v. Prison Health Serv.,* 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Lamont v. New Jersey,* 637 F.3d 177, 181 (3d Cir. 2011)).

[16] *Parkell v. Danberg,* 833 F.3d 313, 323 (3d Cir. 2016) (quoting *Willis v. UPMC Children's Hosp. of Pittsburgh,* 808 F.3d 638, 643 (3d Cir. 2015)).

[17] *Berckeley Inv. Group, Ltd. v. Colkitt,* 455 F.3d 195, 201 (3d Cir. 2006) (citing Fed. R. Civ. P. 56(e)).

[18] *Id.* (citing *Jersey Cent. Power & Light Co. v. Lacey Twp.,* 772 F.2d 1103, 1109-10 (3d Cir. 1985)).

[19] *Willis,* 808 F.3d at 643 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986)).

[20] *Monell,* 436 U.S. at 691. Corizon does not dispute it acted under color of state law. ECF Doc. No. 28-2 at p. 4.

[21] *Vargas v. City of Phila.,* 783 F.3d 962, 974 (3d Cir. 2015) (quoting *City of Canton v. Harris,* 489 U.S. 378, 385 (1989)).

[22] *Natale v. Camden Cnty. Corr. Fac.,* 318 F.3d 575, 584 (3d Cir. 2003).

[23] *Id.* (citing *Bryan Cnty. v. Brown,* 520 U.S. 397, 404 (1997)).

[24] *Id.* (citations omitted).

[25] ECF Doc. No. 32.

[26] ECF Doc. No. 32-1, ¶ 8. Mr. Diaz also states Corizon's sixth Fact is incomplete, "Plaintiff claims that between the visit of January 12, 2016 and January 17, 2016, his reports of continuing

8

symptoms of pain in his right leg when unheeded by corrections officers and medical personnel employed by the City of Philadelphia and Corizon." Mr. Diaz added evidence of a single sick call request made on January 16, 2016. Corizon's "fact" is not a fact because it is not supported by evidence by referring to Mr. Diaz's allegations in his complaint. There is only evidence of one sick call request in the record.

[27] ECF Doc. No. 32 at 4.

[28] *Id.* (citing *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109-10 (3d Cir. 1985)).

[29] In the fact section of his brief, Mr. Diaz references other sick call requests he made but did not attach them as part of his appendix. At summary judgment, we need evidence to create a genuine dispute of material facts, not allegations in a complaint or arguments in a brief. *See Berckeley*, 455 F.3d at 201.

[30] It is not clear from the record whether Mr. Diaz is a pretrial detainee or a sentenced prisoner but a claim for inadequate medical care by a pretrial detainee under the Fourteenth Amendment is analyzed under the same standard applied in Eighth Amendment cruel and unusual punishment claims brought by convicted prisoners. *See Natale*, 318 F.3d at 581-82.

[31] *Natale*, 318 F.3d at 581-82 (citing *Rouse v. Plaintier*, 182 F.3d 192, 197 (3d Cir. 1999)).

[32] Appx. 22a.

[33] *Rouse*, 182 F.3d at 197.

[34] *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

[35] *See Farmer*, 511 U.S. at 835.

[36] *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999) (internal citations omitted)).

[37] We also dismiss Mr. Diaz's possible claims against John Doe Corrections Officers who are named in the caption but Mr. Diaz does not allege a specific cause of action against in his complaint.